IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARY J. SCOTT** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA** | : | **NO. 02-3799** |
| **DEPARTMENT OF PUBLIC WELFARE** | : | |
| Defendant. | : | |

### ORDER AND MEMORANDUM

### O R D E R

**AND NOW**, this 28th day of August, 2003, upon consideration of defendant's Motion to Dismiss Plaintiff's Complaint (Document No. 5, filed December 10, 2002), and plaintiff's responses to the Motion to Dismiss (Document No. 14, filed February 5, 2003; Document Nos. 16 and 17, filed August 6, 2003), for the reasons set forth in the following Memorandum, **IT IS ORDERED** that defendant's Motion to Dismiss is **GRANTED** and plaintiff's pro se Complaint is **DISMISSED WITHOUT PREJUDICE** to plaintiff's right to file an amended complaint asserting a claim of race discrimination under Title VII of the Civil Rights Act within thirty (30) days if warranted by the facts and applicable law.

### MEMORANDUM

### I.    INTRODUCTION

This case arises out of allegations of disability and age discrimination and retaliation against plaintiff Mary J. Scott ("plaintiff") by her employer, defendant Pennsylvania Department of Public Welfare ("defendant"). Those allegations stem from, inter alia, defendant's refusal to accommodate plaintiff's medical disability and retaliation for filing charges of discrimination against defendant.

Defendant moves to dismiss plaintiff's pro se Complaint pursuant to: a) Rule 12(b)(1) for lack of subject matter jurisdiction because defendant, a state agency, is immune from plaintiff's claims under 42 U.S.C. § 1983 and Americans With Disabilities Act of 1990 ("ADA") pursuant to the Eleventh Amendment; (b) 12(b)(6) in that any possible claims under Title VII of the Civil Rights Act ("Title VII") and the ADA are barred by the statute of limitations; and c) Rule 12(b)(5) for defective service of process.  For the reasons set forth below, the Court grants the Motion.

**II.    BACKGROUND**

Defendant is a state agency that provides cash assistance, food stamps, and social services to Pennsylvania residents.  Plaintiff, age 51, has worked for defendant since 1970.  She is currently an Income Maintenance Case Worker in the defendant's Delivery Services Department.

Plaintiff filed her first charge of discrimination with the EEOC on June 30, 1997, alleging race and disability discrimination on the part of defendant.  The disability which formed the basis of that EEOC charge is not identified in the Complaint or the motion papers.

On October 13, 2000, plaintiff filed a second charge of discrimination with the EEOC, alleging retaliation and disability discrimination, but not race discrimination.  In that EEOC charge, plaintiff alleged the following: (a) in December 1997 she was diagnosed with another disability;[1] (b) since the filing of her first EEOC charge on June 30, 1997, she made several requests to defendant for reasonable accommodations for her disabilities,[2] but they "have either been ignored or denied;" (c)

---

[1] That disability is also not identified in the Complaint or the motion papers.

[2] According to several attachments to plaintiff's responses to the Motion, plaintiff suffered a "work-related injury" on July 1, 1999 and was unable to return to work until October 4, 1999.  That injury was carpel tunnel syndrome and tendinitis in plaintiff's right hand.  Plaintiff's doctor prescribed for her an "ergonomic work station," including an "ergonomic chair" and a "soft-touch keyboard" and plaintiff asked defendant to provide them.  Because plaintiff is proceeding pro se,

on January 13, 2000, she submitted another written request for reasonable accommodations – with a note from her doctor in support of that request – to the Personnel Department of defendant, but received no reply; and (d) since the filing of her first EEOC charge, her immediate supervisor "has assigned [her] more work that she has to [than] any other Income Maintenance Case Worker in the Department [of Public Welfare]." Complaint Ex. B.

Plaintiff filed a pro se Complaint on June 17, 2002, seeking compensatory damages. In the Complaint, plaintiff alleges disability and age discrimination and retaliation for defendant's failure to provide reasonable accommodation since 1997, notwithstanding the fact that a "benefits and service worker" told her that such accommodation would be "honored." Id. Defendant filed its Motion to Dismiss on December 10, 2002. That Motion was fully briefed on August 6, 2003.

### III.    STANDARD OF REVIEW

Rule 12(b)(1) allows a court to dismiss a suit for lack of subject matter jurisdiction. A motion under Rule 12(b)(1) is the proper means of raising the issue of whether sovereign immunity under the Eleventh Amendment bars federal jurisdiction. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 n.2 (3d Cir. 1996) (stating that the "Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction"). For Rule 12(b)(1) motions challenging the court's subject matter jurisdiction, also known as a "facial attack," the Third Circuit has "cautioned against treating a Rule 12(b)(1) motion as a Rule 12(b)(6) motion and reaching the merits of the claims" because "the standard for surviving a Rule 12(b)(1) motion is lower than that for a 12(b)(6) motion." Gould Elecs. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000) (citation omitted).

---

the Court will treat the attachments to plaintiff's responses to the Motion as part of the Complaint.

Nonetheless, when considering a facial attack under Rule 12(b)(1), the Court "must accept the complaint's allegations as true," Turicentro, S.A. v. Am. Airlines Inc., 303 F.3d 293, 300 n.4 (3d Cir. 2002) (citing NE Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 & n.7 (3d Cir. 2001)), and draw all reasonable inferences in plaintiff's favor.

Rule 12(b)(6) provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion. FED. R. CIV. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), a court must take all well pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. See Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, 23 L. Ed. 2d 404 (1969). Only those facts alleged in the complaint may be considered in deciding such a motion. See ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994). A complaint should be dismissed if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984). Plaintiff is proceeding pro se in this case. The Court is mindful of the instruction that it should broadly construe normal pleading requirements when handling pro se submissions. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding pro se complaint "to less stringent standards than formal pleadings drafted by lawyers").

As for a motion to dismiss under Rule 12(b)(5) for insufficiency of service of process, "the party making the service has the burden of demonstrating its validity ..." Reed v. Weeks Marine, Inc., 166 F. Supp. 2d 1052, 1054 (E.D. Pa. 2001) (citing Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488-89 (3d Cir. 1993); Addanki v. Def. Logistics Agency Def. Personnel Support Ctr., No. 95-CV-696, 1996 WL 635590, at *1 (E.D. Pa. Oct. 31, 1996)).

IV.    DISCUSSION

The Court notes that plaintiff does not identify in her pro se Complaint the legal basis for her general allegations of disability and age discrimination and retaliation. In light of the Court's duty to liberally construe plaintiff's pro se Complaint, and given that plaintiff attached to the Complaint a partial copy of her second EEOC charge of discrimination – which alleges, inter alia, that her multiple requests for reasonable accommodation were ignored and that she has been assigned more work than other case workers since the filing of her first EEOC charge of discrimination – the Court interprets plaintiff's allegations to assert claims under 42 U.S.C. § 1983, Title I of the ADA, the Age Discrimination in Employment Act of 1967 ("ADEA"), the Pennsylvania Human Relations Act ("PHRA"), and Title VII.[3]  See infra IV.A; IV.B (discussing how plaintiff's allegations could be construed, in the light most favorable to plaintiff, to assert causes of action under those provisions).

In its Motion defendant argues that: a) the Eleventh Amendment bars plaintiff's claims under 42 U.S.C. § 1983 and Title I of the ADA; b) any possible claims under Title VII and the ADA are barred by the statute of limitations; and c) the Complaint should be dismissed because plaintiff did not make service on defendant within 120 days as required by Rule 12(b)(5).

A.    The Eleventh Amendment and Sovereign Immunity

The Eleventh Amendment bars a suit against a state in federal court regardless of the relief sought by a plaintiff. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 58 (1996). Eleventh Amendment immunity extends to entities that are arms of the state – i.e., those departments or

---

[3] The Court notes that defendant acknowledged in its Motion that plaintiff's allegations could be construed as claims under § 1983, Title I of the ADA, and Title VII. Defendant did not state in its Motion that those allegations could also be construed as claims under the ADEA and PHRA. See infra IV.A (discussing how plaintiff's allegations could be construed, in the light most favorable to plaintiff, as ADEA and PHRA claims).

agencies "having no existence apart from the state." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981). This immunity, however, may be abrogated by Congress if it has "unequivocally expresse[d] its intent to" do so and acted "pursuant to a valid exercise of power." Seminole Tribe, 517 U.S. at 55 (quoting Green v. Mansour, 474 U.S. 64, 68 (1985)). States may also waive their immunity and consent to be sued. See Alden v. Maine, 527 U.S. 706, 755 (1999).

Defendant is an agency that does not have an existence apart from the state and is thus entitled to Eleventh Amendment protection. See 71 PA. STAT. ANN. § 61 (establishing the Department of Public Welfare as an administrative department of the Commonwealth); Nelson v. Pennsylvania Dept. of Public Welfare, 244 F. Supp. 2d 382, 390 (E.D. Pa. 2002); Doman v. Pennsylvania Dept. of Public Welfare, No. CIV. A. 99-6543, 2000 WL 283848, at *2 (E.D. Pa. Mar. 16, 2000); Jones v. Pennsylvania Dept. of Welfare Bureau of Blindness and Visual Servs., No. CIV. A. 99-4212, 2000 WL 15073, at *1 (E.D. Pa. Jan. 5, 2000); Dill v. Pennsylvania Dept. of Public Welfare, 3 F. Supp. 2d 583, 586 (E.D.Pa. 1998); Flesch v. Eastern Pennsylvania Psych. Inst., 434 F. Supp. 963, 977 (E.D. Pa. 1977).

Section 1983 of Title 42 creates a cause of action against any person who, acting under color of state law, deprives an individual of rights secured by the Constitution or by federal statute. The Supreme Court has held that Congress did not abrogate a state's Eleventh Amendment immunity in enacting § 1983. See Quern v. Jordan, 440 U.S. 332, 345 (1979). In addition, Pennsylvania, by statute, has explicitly reserved its right to immunity from suit in federal court. See 42 PA. CONS. STAT. ANN. § 8521(b).[4] Thus, to the extent that plaintiff's allegations could be construed as a claim

---

[4] That section provides: "Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." 42 PA. CONS. STAT. ANN. § 8521(b).

under § 1983 – in that they allege retaliation and possible equal protection violations for plaintiff being assigned more work than other case workers since the filing of her first EEOC charge of discrimination – the Eleventh Amendment bars such claim against defendant. Accordingly, this Court does not have subject matter jurisdiction over any claim against defendant under § 1983.

Title I of the ADA prohibits an employer from discriminating against a qualified individual with a disability by failing to provide "reasonable accommodations" for that individual if such accommodations would not impose an "undue hardship" on the employer.[5]  42 U.S.C. § 12112(b)(5)(A).  To the extent that plaintiff's allegations of disability discrimination could be construed as a claim under Title I of the ADA – in that plaintiff's multiple requests for reasonable accommodations have been ignored or denied – that claim is barred by the Eleventh Amendment. The Supreme Court has held that Congress did not abrogate the states' Eleventh Amendment immunity when it enacted Title I of the ADA, Bd. of Tr. of the Univ. of Alabama v. Garrett, 531 U.S. 356, 373-74 (2001); see also Lavia v. Pennsylvania, 224 F.3d 190, 206 (3d Cir. 2000) (holding the same), and Pennsylvania's sovereign immunity has not been waived.  See 42 PA. CONS. STAT. ANN. § 8521(b).  Accordingly, this Court lacks subject matter jurisdiction over any claim under Title I of the ADA against defendant.[6]

---

[5] Title I of the ADA protects those disabled individuals "who, with or without reasonable accommodation, can perform the essential functions of the employment position" from discrimination in "the hiring, advancement, or discharge of employees, employment compensation, job training and other terms, conditions, and privileges of employment."  42 U.S.C. §§ 12111(8), 12112(a).

[6] In light of this determination, the Court need not address defendant's argument that plaintiff's claims under the ADA are time-barred.  The Court also notes that Title II of the ADA governs access to public services, stating that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42

The ADEA prohibits age discrimination in employment decisions against persons who are at least 40 years of age. To the extent that plaintiff is over 40 years of age and that her allegations of age discrimination could be construed as implicating the ADEA, that cause of action is also barred by the Eleventh Amendment. As stated above, Pennsylvania has specifically withheld its consent to suit in federal court, see 42 PA. CONS. STAT. ANN. § 8521(b), and the Supreme Court has held that Congress did not abrogate a state's Eleventh Amendment immunity from suit under the ADEA. See Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 91 ("[T]he ADEA is not a valid exercise of Congress' power under § 5 of the Fourteenth Amendment. The ADEA's purported abrogation of the States' sovereign immunity is accordingly invalid."). Accordingly, the Court lacks subject matter jurisdiction over any claim against defendant under the ADEA.

The Pennsylvania Human Relations Act ("PHRA") prohibits an employer from, inter alia, refusing to hire, discharging, or otherwise discriminating against an employee on the basis of age or "non-job related handicap or disability." 43 PA. CONS. STATS. ANN. § 955(a). To the extent that plaintiff's allegations of disability discrimination in her pro se Complaint could be liberally construed

---

U.S.C. § 12132. Neither the Supreme Court nor the Court of Appeals for the Third Circuit has addressed the issue of whether a state agency, such as defendant, is immune from suit under Title II of the ADA. Although a number of courts have reached that issue, this Court need not because it concludes that the disability discrimination about which plaintiff complains – arising out of her employment by defendant – cannot be construed as a claim under Title II of the ADA. See Koslow v. Pennsylvania, 158 F. Supp. 2d 539, 542 (E.D. Pa. 2001), aff'd in part, rev'd in part on other grounds, 302 F.3d 161 (3d Cir. 2002) ("Congress intended Title I [of the ADA] to be the sole avenue for pursuing employment discrimination claims based on disability."); Nelson, 244 F. Supp. 2d at 389 ("Given that ... Congress expressly provided for employment discrimination in Title I [of the ADA], ... Title II fails to mention employment, ... the 'services, programs, or activities' discussed in Title II are not common synonyms for employment, and ... neither Congress nor the courts have equated employment with 'services, programs, or activities' in this legal context, I cannot reasonably conclude that Title II was intended to provide a cause of action for victims of employment discrimination.").

as a claim under the PHRA, any such claim in federal court is barred by the Eleventh Amendment. The applicability of the doctrine of sovereign immunity to a PHRA claim in federal court has not been decided by the Third Circuit. However, that issue was addressed in <u>Williams v. Pennsylvania State Police Bureau of Liquor Control Enforcement</u>, 108 F. Supp. 2d 460, 465 (E.D. Pa. 2000), as follows:

> While the PHRA has been held to waive Pennsylvania's immunity from suit in state court ... that waiver does not subject Pennsylvania to a PHRA suit in <u>federal</u> court ... Indeed, Pennsylvania law, 42 Pa. C.S.A. § 8521(b), is quite explicit on this point: 'Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment of the United States.' Thus, a plaintiff may never pursue a PHRA claim against Pennsylvania or its agencies in federal court.

(internal citations omitted). Other courts have reached the same conclusion. <u>See</u> <u>Nelson</u>, 244 F. Supp. 2d at 391; <u>Moore v. Pennsylvania Dep't of Military and Veterans Affairs</u>, 216 F. Supp. 2d 446, 454 (E.D. Pa. 2002); <u>Demyun v. Pennsylvania Dep't of Corrections</u>, No. 300CV155, 2001 WL 1083936, *4 (M.D. Pa. Sept. 14, 2001); <u>Fitzpatrick v. Pennsylvania Dep't of Transp.</u>, 40 F. Supp. 2d 631, 635 (E.D. Pa. 1999); <u>Dill</u>, 3 F. Supp. 2d at 587-88. This Court concurs in the analysis of <u>Williams</u>: a Pennsylvania state agency such as defendant is immune from suit under the PHRA in federal court.

    **B.**    **Title VII**

Title VII creates a cause of action for employment discrimination based on an individual's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "Disability is not among the enumerated bases for a Title VII suit, and therefore a claim of disability discrimination brought under Title VII cannot survive." <u>Diep v. Southwark Metal Mfg. Co.</u>, No. 00-6136, 2001 WL 283146, at *2 (E.D. Pa. Mar. 19, 2001); <u>see also</u> <u>Brennan v. Nat'l Tel. Directory Corp.</u>, 881 F. Supp. 986, 997 (E.D. Pa. 1995) (stating "while Title VII prohibits discrimination based upon a person's

'race, color, religion, sex, or national origin' ... it does not prohibit disability discrimination. Thus, such claims are not cognizable under Title VII").

In this case, although plaintiff does not use the words "race, color, religion, sex, or national origin" as the basis of the discrimination claims in her pro se Complaint, there is reference to race discrimination in her second EEOC charge of discrimination attached to that Complaint. That charge, which alleged only disability discrimination and retaliation, stated that plaintiff's first EEOC charge alleged race and disability discrimination. Notwithstanding the fact that the Complaint does not state anything about the disposition of plaintiff's first EEOC charge, in light of the Court's duty to liberally construe a pro se complaint, the Court interprets plaintiff's pro se Complaint as asserting a claim under Title VII based on race discrimination. However, any such Title VII claim is time-barred on the present state of the record.

Under Title VII, "a plaintiff has ninety days after receiving [a right-to-sue letter issued by the EEOC] in which to file suit." Mosel v. Hills Dep't Store, Inc., 789 F.2d 251, 253 (3d Cir. 1996); 42 U.S.C. § 2000e-5(f)(1). This ninety-day filing requirement for Title VII claims "has been treated by the courts as a statute of limitations rather than a jurisdictional prerequisite to suit," and is therefore subject to equitable tolling. Figueroa v. Buccaneer Hotel, Inc., 188 F.3d 172, 176 (3d Cir. 1999); Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 394 (1982).

In this case, the right-to-sue letter issued by the EEOC to plaintiff in connection with her second EEOC charge is dated February 16, 2001. Complaint Ex. A. Plaintiff did not file her Complaint in this Court until June 17, 2002, more than a year after receiving that right-to-sue letter. Thus, any Title VII claims based on the second EEOC charge are time-barred. With respect to the first EEOC charge which was filed in June 1997, the Court concludes that any right-to-sue letter

10

issued by the EEOC would have been sent prior to February 16, 2001, so any Title VII claims, such as a claim of race discrimination, based on that charge is likewise time-barred.

Plaintiff provides no reason for the untimely filing of her Complaint. See Mosel, 789 F.2d at 253 (holding that a claim filed one day after the ninety-day requirement is untimely and may be dismissed absent an equitable reason for disregarding this statutory requirement). However, because plaintiff is proceeding pro se, the dismissal of the Title VII claim is without prejudice to her right to file an amended complaint asserting a claim of race discrimination under Title VII in the event she has an equitable explanation for not filing her Complaint within ninety (90) days of the issuance of a right-to-sue letter concerning the first EEOC charge.

IV.     CONCLUSION

The Court concludes that it does not have subject matter jurisdiction over plaintiff's claims under § 1983, Title I of the ADA, the ADEA, and the PHRA, and any claims under Title VII are time-barred on the present state of the record. Thus, defendant's Motion to Dismiss is granted and plaintiff's pro se Complaint is dismissed. However, because plaintiff is proceeding pro se, the Court grants her leave to file an amended complaint asserting a Title VII claim of race discrimination if warranted by the facts and applicable law as set forth in this Memorandum.[7]

                                                      **BY THE COURT:**

                                                      _____

                                                      **JAN E. DUBOIS, J.**

---

[7] In light of the Court's decision, it need not address defendant's defective service of process argument.