IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY J. SCOTT, PRO SE, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PA, DPW | : | NO. 02-CV-3799 |
| Defendant | : | |

**ORDER**

AND NOW, this      day of         , 2002, upon consideration of the motion to dismiss plaintiff's amended complaint, pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(5) and 12(b)(6) of the Department of Public Welfare of the Commonwealth of Pennsylvania, it is hereby ordered and decreed that said motion is granted and the amended complaint is hereby dismissed.

BY THE COURT:

JAN E. DUBOIS, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY J. SCOTT, PRO SE, : | CIVIL ACTION |
| Plaintiff : | |
| : | |
| v. : | |
| : | |
| COMMONWEALTH OF PA, DPW : | NO. 02-CV-3799 |
| Defendant : | |

**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

The Pennsylvania Department of Public Welfare of the Commonwealth of Pennsylvania moves to dismiss plaintiff's amended complaint pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(5), and 12(b)(6), incorporates the attached memorandum of law, and states:

1.  The *pro se* plaintiff filed a complaint, on June 17, 2002, against the Department of Public Welfare of the Commonwealth of Pennsylvania (DPW).  (Docket No. 1)

2.  DPW moved to dismiss and raised defective service, in addition to jurisdictional and substantive challenges.  (Docket No. 5)  That motion is incorporated herein by reference. Pursuant to this Court' direction during a telephonic conference, counsel for DPW facilitated service by waiver of service.

3.  Plaintiff's *pro se* complaint could be construed to raise claims for damages under 42 U.S.C. § 1983, Title I of the ADA, Title VII, as well as claims under the ADEA and the PHRA.

4.  On August 28, 2003, this Court dismissed plaintiff's complaint without prejudice to her right to file an amended complaint asserting a claim of race discrimination under Title VII of the Civil Rights Act within thirty (30) days if warranted by the facts and applicable law. (Docket No. 18)  In its memorandum, the Court explained, that the dismissal of the Title VII claim is without prejudice to Scott's "right to file an amended complaint asserting a claim of race

discrimination under Title VII in the event she has an equitable explanation for not filing her Complaint within ninety (90) days of the issuance of a right-to-sue letter concerning the first EEOC charge." Slip Op. at 11.

5. Plaintiff then filed an amended complaint, reasserting all the allegations and claims in the dismissed complaint, and failing to set forth an equitable explanation for her untimely filing. (No Docket Number yet assigned)

6. Plaintiff fails to state a claim of race discrimination under Title VII, 42 U.S.C. § 2000e, *et seq.*; and said claim is barred by the applicable statute of limitations.

7. Plaintiff fails to state a claim upon which relief may be granted.

Wherefore, this Court should dismiss plaintiff's amended complaint.

                        D. MICHAEL FISHER
                        ATTORNEY GENERAL

BY: _____
       Sue Ann Unger
       Senior Deputy Attorney General
       Identification No. 39009

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor        Susan J. Forney
Philadelphia, PA 19107-3603       Chief Deputy Attorney General
(215) 560-2127, fx: 560-1031       Chief, Litigation Section

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY J. SCOTT, PRO SE, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PA, DPW | : | NO. 02-CV-3799 |
| Defendant | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**I.   PROCEDURAL HISTORY**

The *pro se* plaintiff filed a complaint on June 17, 2002, against the Department of Public Welfare of the Commonwealth of Pennsylvania (DPW).  (Docket No. 1)  DPW moved to dismiss and raised defective service, in addition to jurisdictional and substantive challenges.  (Docket No. 5)  Pursuant to this Court' direction during a telephonic conference, counsel for DPW facilitated service by waiver of service.

Plaintiff's *pro se* complaint could be construed to raise claims for damages under 42 U.S.C. § 1983, Title I of the ADA, Title VII, as well as claims under the ADEA and the PHRA. On August 28, 2003, this Court dismissed plaintiff's complaint without prejudice to her right to file an amended complaint asserting a claim of race discrimination under Title VII of the Civil Rights Act within thirty (30) days if warranted by the facts and applicable law.  (Docket No. 18) In its memorandum, the Court explained, that the dismissal of the Title VII claim was without prejudice to Scott's "right to file an amended complaint asserting a claim of race discrimination under Title VII in the event she has an equitable explanation for not filing her Complaint within ninety (90) days of the issuance of a right-to-sue letter concerning the first EEOC charge."  Slip Op. at 11.

Scott then filed an amended complaint, attaching her original complaint with additional

exhibits, and reasserting all the allegations and claims in that complaint. She provides no equitable explanation for the untimely filing of her complaint.

DPW now moves to dismiss the amended complaint. In support thereof, DPW incorporates by reference its motion to dismiss the original complaint, pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(5), and 12(b)(6); and, in addition, asserts that Scott fails to state a claim of race discrimination under Title VII, 42 U.S.C. § 2000e, *et seq*.; and said claim is barred by the applicable statutes of limitations.

## II.     FACTUAL ALLEGATIONS

This Court summarized Scott's factual allegations in its Order and Memorandum of August 28, 2003:

> Defendant is a state agency that provides cash assistance, food stamps, and social services to Pennsylvania residents. Plaintiff, age 51, has worked for defendant since 1970. She is currently an Income Maintenance Case Worker in the defendant's Delivery Services Department..
> Plaintiff filed her first charge of discrimination with the EEOC on June 30, 1997, alleging race and disability discrimination on the part of defendant. The disability which formed the basis of that EEOC charge is not identified in the Complaint or the motion papers.
> On October 13, 2000, plaintiff filed a second charge of discrimination with the EEOC, alleging retaliation and disability, discrimination, but not race discrimination. In that EEOC charge, plaintiff alleged the following: (a) in December 1997 she was diagnosed with another disability; (b) since the filing of her first EEOC charge on June 30, 1997, she made several requests to defendant for reasonable accommodations of her disabilities, but they "have either been ignored or denied;" (c) on January 13, 2000, she submitted another written request for reasonable accommodations — with a note from her doctor in support of that request — to the Personnel Department of defendant, but received no reply; and (d) since the filing of her first EEOC charge, her immediate supervisor "has assigned [her] more work that she has to [than] any other Income Maintenance Case Worker in the Department [of Public Welfare.]".
> Plaintiff filed a <u>pro se</u> Complaint on June 17, 2002, seeking compensatory damages. In the Complaint, plaintiff alleges disability and age discrimination and retaliation for defendant's failure to provide reasonable accommodation since 1997, notwithstanding the fact that a "benefits and service worker" told her that such accommodation would be "honored." <u>Id.</u>

2

Slip Op. at 2-3 [footnotes omitted]   The federal complaint was filed a year and four months after she received the notice from the EEOC that she had 90 days to file her lawsuit.

In her amended complaint, Scott attaches her original complaint and asserts that she was fraudulently denied a state supplement to worker compensation benefits as a result of a work-related injury in July 1999.  She also alleges that she complained of the alleged fraud, that various actors failed to investigate her complaint, and that, as she alleged in her original complaint, she received retaliatory treatment because of her initial EEOC complaint (and perhaps her second EEOC complaint)--specifically, an increased workload and no computer keyboard.  She vaguely alleges discrimination by defendant and various actors because of her race, age, gender, employment status, position, work related injury and disability.  She appears to assert that she, along with all other state employees who have requested worker compensation benefits have been cheated by the alleged fraudulent denial of supplemental benefits.

## III.   ARGUMENT

The applicable standards were delineated in the motion to dismiss the initial complaint, which motion is incorporated by reference.  This Court dismissed Scott's *pro se* complaint without prejudice to her right to file an amended complaint asserting a claim of race discrimination under Title VII of the Civil Rights Act, "if warranted by the facts and applicable law."   Therefore, defendant relies on its prior motion and this Court's memorandum and order as to all issues.  In addition, defendant further addresses the claim of race discrimination under Title VII.  As explained below, Scott fails to state a valid Title VII claim, because of the statute of limitations and because her allegations fail to amount to a Title VII claim.

This Court noted that the right to sue letter issued by the EEOC to Scott in connection with her second EEOC charge is dated February 16, 2001, and that she did not file her federal

complaint until more than a year later. While the Court concluded that any Title VII claim based on that charge was time-barred, it also noted that no claim of race discrimination was made in that charge. The Court also concluded that any right to sue letter resulting from Scott's first EEOC charge, filed in June 1997, would have been sent prior to February 16, 2001. The Court thus concluded that any Title VII claims based on that charge were likewise time-barred.

In light of *Figueroa v. Buccaneer Hotel, Inc.*, 188 F.3d 172, 176 (3d Cir. 1999) (ninety-day filing requirement for Title VII is subject to equitable tolling), and *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982), this Court dismissed the Title VII race discrimination case without prejudice to permit Scott an opportunity to explain the untimely filing of her Complaint within ninety (90) days of the issuance of a right-to-sue letter concerning the first EEOC charge, filed in 1997. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984) (dismissing *pro se* complaint for failure to file complaint within 90 days of right-to-sue letter.) In her amended complaint, Scott provides no such reason.

Moreover, plaintiff's allegations of fraud in the failure to provide supplemental benefits in addition to workers' compensation benefits to her <u>along with all other state employees</u> who request or receive workers' compensation benefits render impossible her vague allegation of race discrimination. Her allegations of retaliation for complaining about the alleged fraud equally belie her vague allegation of race discrimination. Based on her own allegations, Scott cannot possibly show that race discrimination was a substantial factor causing the alleged retaliation or alleged fraudulent denial of benefits. *See generally, McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Instead of amending her complaint to attempt to state a valid Title VII claim,

4

Scott demonstrates that she cannot reasonably do so.

**IV.     CONCLUSION**

      Therefore, this Court should dismiss plaintiff's amended complaint.

                                                  D. MICHAEL FISHER
                                                  ATTORNEY GENERAL

                        BY: _____
                                 Sue Ann Unger
                                 Senior Deputy Attorney General
                                 Identification No. 39009

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor            Susan J. Forney
Philadelphia, PA 19107-3603         Chief Deputy Attorney General
(215) 560-2127, fx: 560-1031         Chief, Litigation Section

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY J. SCOTT, PRO SE, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| COMMONWEALTH OF PA, DPW | : | NO. 02-CV-3799 |
| Defendant | : | |

**CERTIFICATE OF SERVICE**

I, Sue Ann Unger, Senior Deputy Attorney General, hereby certify that a true and accurate copy of the within Motion to Dismiss Amended Complaint, was mailed on September 5, 2003, by first class mail, postage prepaid to:

Mary J. Scott
1152 E. Phil Ellena Street
Philadelphia, PA 19150-3119

　　　　　　　　　　　　　　　　　　　　　　　　D. MICHAEL FISHER
　　　　　　　　　　　　　　　　　　　　　　　　ATTORNEY GENERAL


BY: _____
　　　Sue Ann Unger
　　　Senior Deputy Attorney General
　　　Identification No. 39009

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor　　　　　　　Susan J. Forney
Philadelphia, PA 19107-3603　　　　　　Chief Deputy Attorney General
(215) 560-2127, fx: 560-1031　　　　　　Chief, Litigation Section

6