IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARY J. SCOTT** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA** | : | **NO. 02-3799** |
| **DEPARTMENT OF PUBLIC WELFARE** | : | |
| Defendant. | : | |

### ORDER AND MEMORANDUM

### O R D E R

**AND NOW**, this 12th day of September, 2003, upon consideration of defendant's Motion to Dismiss Plaintiff's Amended Complaint (Document No. 19, filed September 5, 2003), and the related submissions of the parties, for the reasons set forth in the following Memorandum, **IT IS ORDERED** that defendant's Motion to Dismiss is **GRANTED**. Plaintiff's claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et. seq., are **DISMISSED WITH PREJUDICE**; plaintiff's remaining claims are **DISMISSED FOR LACK OF JURISDICTION**.

### MEMORANDUM

**I.   INTRODUCTION**

On August 28, 2003, this Court granted defendant Pennsylvania Department of Public Welfare's motion to dismiss plaintiff Mary J. Scott's original pro se Complaint without prejudice to her right to file an amended complaint asserting a claim of race discrimination under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e et. seq., in the event she had an equitable explanation for not filing her original Complaint within ninety (90) days of the issuance of an EEOC right-to-sue letter. Plaintiff Mary J. Scott ("plaintiff") filed a pro se Amended Complaint on

September 8, 2003. Defendant Pennsylvania Department of Public Welfare ("defendant") moves to dismiss that Amended Complaint for, inter alia, failing to set forth an equitable explanation for the untimely filing of her original Complaint. For the reasons set forth below, the Court grants the Motion.

## II.    BACKGROUND

The Court sets forth the factual and procedural history as pertinent to the pending Motion. A detailed factual and procedural history are included in the Court's Memorandum of August 28, 2003. See Scott v. Pennsylvania Dept. of Public Welfare, No. 02-3799, slip op. at 2-3 (E.D. Pa. Aug. 28, 2003).

Plaintiff, an employee of defendant, filed a charge of discrimination with the EEOC on June 30, 1997, alleging race and disability discrimination on the part of defendant. The instant Amended Complaint (and the original Complaint) does not state anything about the disposition of that EEOC charge. On October 13, 2000, plaintiff filed a second charge of discrimination with the EEOC, alleging retaliation and disability discrimination, but not race discrimination. In connection with the second EEOC charge, plaintiff received a right-to-sue letter dated February 16, 2001.

Because plaintiff was proceeding pro se in her original Complaint, the Court construed that Complaint – where reference was made to her first EEOC charge alleging race discrimination in the second EEOC charge attached to the original Complaint – as asserting a claim under Title VII based on race discrimination. However, the Court concluded in its Memorandum of August 28, 2003 that any such Title VII claim – which must be filed within ninety (90) days after a plaintiff receives a right-to-sue letter – was time-barred:

> In this case, the right-to-sue letter issued by the EEOC to plaintiff in

2

> connection with her second EEOC charge is dated February 16, 2001. Complaint Ex. A. Plaintiff did not file her [original] Complaint in this Court until June 17, 2002, more than a year after receiving that right-to-sue letter. Thus, any Title VII claims based on the second EEOC charge are time-barred. With respect to the first EEOC charge which was filed in June 1997, the Court concludes that any right-to-sue letter issued by the EEOC would have been sent prior to February 16, 2001, so any Title VII claims, such as a claim of race discrimination, based on that charge is likewise time-barred.
>
> Plaintiff provides no reason for the untimely filing of her [original] Complaint. See Mosel, 789 F.2d at 253 (holding that a claim filed one day after the ninety-day requirement is untimely and may be dismissed absent an equitable reason for disregarding this statutory requirement). However, because plaintiff is proceeding pro se, the dismissal of the Title VII claim is without prejudice to her right to file an amended complaint asserting a claim of race discrimination under Title VII in the event she has an equitable explanation for not filing her Complaint within ninety (90) days of the issuance of a right-to-sue letter concerning the first EEOC charge.

Id. at 10-11.

### III.   DISCUSSION

In the instant Amended Complaint, plaintiff offers no equitable explanation for not filing her original Complaint within ninety days of the issuance of a right-to-sue letter with respect to the first EEOC charge alleging race discrimination. Accordingly, any such Title VII claim in connection with that charge is time-barred.

The Court notes that plaintiff alleges in the Amended Complaint that she was fraudulently denied workers' compensation and work-related disability leave – a "supplemental" insurance policy to workers' compensation – with respect to a "severe work related injury" on July 1, 1999. Amended Complaint at 1. She also asserts that she, along with other state employees who are eligible for workers' compensation, have been "cheated" out of work-related disability leave by the Pennsylvania Workmen's Insurance Fund. Id. at 2.

Attached to plaintiff's Amended Complaint is a letter dated November 22, 2002 from

plaintiff's former counsel to several state officials, including the Secretary of the Department of Public Welfare. The letter noted that plaintiff, "after various hearings in 1999 and 2000," was awarded workers' compensation by Workers' Compensation Judge Susan E. Kelly for a "closed period of 3 months from July 1, 1999 through October 4, 1999." Id. at Ex. F. The letter also stated that plaintiff, "and apparently other [Department of Public Welfare] employees," were considered ineligible for work-related disability leave and requested information as to why plaintiff was "not entitled to [that] supplemental benefit[]" be provided prior to a hearing scheduled for December 3, 2002 before the Workers' Compensation Appeal Board ("WCAB").[1] Plaintiff does not state anything in her Amended Complaint or motion papers about whether such information was provided to her (or her former counsel) before the WCAB hearing or what decision the WCAB made in connection with the workers' compensation appeal.

Because any Title VII claim asserted by plaintiff is time-barred, there is no independent basis for the Court's jurisdiction over plaintiff's workers' compensation-related claims which are state law claims. Although the Court, in its discretion, can retain jurisdiction over the latter claims pursuant to 28 U.S.C. § 1367, it declines to do so and dismisses those state law claims for lack of jurisdiction. See 28 U.S.C. § 1367(c)(3). That decision is based, in part, on the fact that plaintiff stated she recently filed a Petition for Review of the decision of the WCAB in the Commonwealth Court of Pennsylvania on August 12, 2003. According to plaintiff, she is "presently in [state court] ... regarding [her] failure to receive worker[s'] compensation benefits in conjunction with [the] state worker supplemental insurance." Pl.'s Resp. to Def.'s Mtn. to Dismiss at 1.

---

[1] It is unclear from the submissions of the parties as to which party appealed Workers' Compensation Judge Kelly's decision to the WCAB.

## IV. CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss is granted. Plaintiff's Title VII claims are dismissed with prejudice and her remaining claims are dismissed for lack of jurisdiction.

**BY THE COURT:**

_____

**JAN E. DUBOIS, J.**